LONGPRÉ et al., Appellants,

v.

MIDWEST OPTICAL SUPPLY, INC. et al., Appellees.

[Cite as *Longpré v. Midwest Optical Supply, Inc.* (1990), 68 Ohio App.3d 198.]

Court of Appeals of Ohio,
Montgomery County.

No. 12066.

Decided June 22, 1990.

*Gary C. Schaengold,* for appellants.

*John Martin,* for appellee Midwest Optical Supply, Inc.

*Robert J. Behal,* for appellee Buckeye Employee Benefit Systems.

FAIN, Judge.

Plaintiff-appellant, Donald Longpré, appeals from a summary judgment rendered in favor of defendants-appellees, Midwest Optical Supply, Inc. ("Midwest") and R.E. Harrington, Inc. ("Harrington"). Longpré argues that the trial court erred in finding that his application for coverage of penile implant surgery was properly denied under an exclusion in his health benefit plan for procedures "[r]elated to sex transformations or sexual dysfunctions or inadequacies." Upon the record in this case, we conclude that the trial court did not err in rendering summary judgment in favor of Midwest and Harrington. Accordingly, the judgment of the trial court will be affirmed.

## I

Longpré is employed as general manager of Midwest. Part of the benefit package afforded to Longpré by Midwest is membership in its employee health plan. The plan is currently supervised and administered by Harrington; however, prior to Harrington, the plan was administered by Brunswick Administrative Services, Inc.

Over the past few years, Longpré has experienced instances of impotency. In order to engage in sexual intercourse with his spouse, Longpré sought the surgical insertion of a penile prosthetic device. Given the cost of such a procedure, Longpré contacted Brunswick to determine whether penile implant surgery was covered under the provisions of his employee health plan. Brunswick informed Longpré that his request was denied because of the

exclusion from coverage of procedures "[r]elated to sex transformations or sexual dysfunctions or inadequacies."

Longpré, being dissatisfied with the denial of his request for coverage, filed suit in the Montgomery County Court of Common Pleas seeking a declaratory judgment "setting forth a construction of the [employee health plan] as it relate[d] to [his medical condition]." Longpré subsequently filed a motion for summary judgment. Midwest and Harrington, Brunswick's successor, answered Longpré's complaint, and also filed their own motion for summary judgment. After reviewing the pleadings, motions, and depositions, the trial court granted summary judgment in favor of Midwest and Harrington, and overruled Longpré's motion for summary judgment. It is from this judgment that Longpré appeals.

## II

Longpré's sole assignment of error is as follows:

"The trial court erred in granting motions for summary judgment filed by appellees Midwest Optical Supply, Inc., and R.E. Harrington, Inc., and overruling a motion for summary judgment filed by appellants Donald Longpré and Virginia Longpré."

Longpré contends that the language in his health benefit plan excluding procedures "[r]elated to sex transformations or sexual dysfunctions or inadequacies" is ambiguous and should be construed in his favor. We disagree.

Although Longpré's employee health plan is not a contract of insurance, principles used in the interpretation of insurance contracts are analogous. One such principle is that words and phrases used in an insurance policy must be given their natural and commonly accepted meaning. See 57 Ohio Jurisprudence 3d (1985) 332, Insurance, Section 275. If the language employed is unambiguous and clear, there is no occasion for construction, and courts may not indulge themselves in enlarging the contract. *Id.* This principle of construction is equally applicable in the construction of contracts, generally.

In the case before us, the pertinent language of Longpré's health plan provides unambiguously that procedures relating to "sexual dysfunctions" are excluded from coverage. A "dysfunction," as defined by Webster's New Collegiate Dictionary (1975) 356, is an impaired or abnormal functioning. We conclude that Longpré's impotency is clearly a sexual dysfunction or an impaired functioning of his sexual organs. Consequently, it was not improper for Harrington to have denied coverage for Longpré's request for penile implant surgery.

Since reasonable minds can come to but one conclusion, that conclusion being in favor of Midwest and Harrington, it was not error for the trial court to have granted Midwest's and Harrington's motion for summary judgment, nor was it error for the trial court to have overruled Longpré's motion for summary judgment.

Longpré's sole assignment of error is overruled.

*Judgment affirmed.*

WILSON and BROGAN, JJ., concur.