OPINION
Defendant-appellant, Browning-Ferris Industries, Inc., appeals from a Clermont County Court of Common Pleas decision granting declaratory judgment in favor of plaintiffs-appellees, Lynn E. Bradburn, Allen Bradburn, and Candis Bradburn.[1] For the reasons that follow, we affirm the decision of the court of common pleas.
On June 11, 1996, Lynn and Candis Bradburn were involved in an automobile accident caused by Carolyn B. Merman. Pursuant to Allen Bradburn's employment, Lynn and Candis Bradburn were covered participants of appellant's employee benefit plan established and governed by the Employee Retirement Income Security Act ("ERISA"), Section 1001, et seq., Title 29, U.S. Code. Healthsource Provident Administrators, Inc. was the claims administrator of the employee benefit plan. Appellant paid the medical expenses of Lynn and Candis Bradburn for injuries sustained in the accident.
On January 24, 1997, the Bradburns filed a complaint against Carolyn Merman, Merman Sheet Metal, Inc., State Auto Insurance Company, and appellant. Thereafter, the Bradburns filed for a declaratory judgment with respect to their Fifth Claim for Relief, seeking a determination of the rights and obligations of the parties to the employee benefit plan. The Bradburns asserted that appellant had no right to any subrogated proceeds in this case, or alternatively, that the amount of any subrogated recovery allowed appellant be reduced by a pro rata share of the Bradburns' attorney fees and costs. Appellant denied that the employee benefit plan was an insurance policy or that the Bradburns were "insureds." Appellant filed a cross-claim against Merman and Merman Sheet Metal, Inc. for $10,387.81, which appellant had paid to or on behalf of the Bradburns. This cross-claim was subsequently dismissed by appellant, and Merman Sheet Metal, Inc. and State Auto Insurance Company were dismissed from the lawsuit.
On May 5, 1998, appellant filed a motion to dismiss the Bradburns' Fifth Claim for Relief under Civ.R. 12(B) (1), arguing that the state court lacked jurisdiction over the declaratory action because federal courts had exclusive jurisdiction under ERISA. By entry dated August 20, 1999, the court of common pleas overruled appellant's motion to dismiss.
Appellant's contribution to the Bradburns' litigation effort was minimal. Appellant did not participate in mediation proceedings or in the depositions of the Bradburns' treating physicians. Except for filing a short pretrial statement and a stipulation regarding the employee benefit plan booklet, appellant did not participate or appear at pretrial or trial proceedings to assist in the Bradburns' recovery from the third-party tortfeasor.
At the conclusion of a jury trial held on August 20 and 21, 1998, the Bradburns were awarded a verdict of $31,962.61. An interrogatory to the jury indicated that Lynn and Candis Bradburn had incurred $11,795.61 in medical expenses and that appellant had paid for $10,387.81 of these expenses. Lynn Bradburn was awarded $10,000 for past pain and suffering, $5,000 for inability to perform usual activities, and $4,667 for past loss of earnings. Allen Bradburn was awarded $500 for past loss of services and consortium.
Appellant filed a complaint against the Bradburns in the United States District Court for the Southern District of Ohio on September 29, 1998, and filed a motion to stay the proceedings in the court of common pleas on September 30, 1998. The court of common pleas denied the motion to stay, and, after a hearing, entered an order on January 14, 1999 finding that appellant had a right of reimbursement from the Bradburns' judgment, which would be reduced by appellant's share of the Bradburns' attorney fees and costs. Appellant's claim of $10,387.81 was reduced to $6,509.36 accordingly.
Appellant filed this appeal on April 27, 1999. On July 8, 1999, the district court filed an order dismissing appellant's Fifth Claim for Relief, finding that this claim had been decided in a final judgment by the court of common pleas, a court of proper jurisdiction, and was therefore barred by res judicata.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN OVERRULING ITS MOTION TO DISMISS THE PLAINTIFFS' COMPLAINT.
In its first assignment of error, appellant argues that the federal court has exclusive jurisdiction to determine and enforce the terms of a self-funded employee benefit plan pursuant to Section 1132(e), Title 29, U.S. Code.
Appellant does not dispute the fact that its employee benefit plan falls within the coverage of ERISA pursuant to Section 1003(a), Title 29, U.S. Code.[2] Section 1132(e) (1), Title 29, U.S. Code provides that the district courts of the United States have exclusive jurisdiction of civil actions under ERISA except that state courts have concurrent jurisdiction for actions brought under Sections 1132(a) (1) (B) and 1132(a) (7), Title 29, U.S. Code. Section 1132(a) (1) (B), Title 29, U.S. Code (for which Section 1132[e][1] allows concurrent jurisdiction) provides that an action may be "brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."
Although appellant argues otherwise, we find that the Fifth Claim for Relief is a request by plan participants for the court to enforce their rights under the terms of the plan. See Leasherv. Leggett Platt, Inc. (1994), 96 Ohio App.3d 367. Therefore, the court of common pleas had concurrent jurisdiction of this case under the exception set forth in Section 1132(e) (1), Title 29, U.S. Code. The first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY FAILING TO PRE-EMPT STATE LAW AND BY FAILING TO APPLY THE CLAIMS ADMINISTRATOR'S INTERPRETATION OF THE EMPLOYEE BENEFIT PLAN'S TERMS AND OBLIGATIONS.
Appellant further argues that even if the court of common pleas had jurisdiction over this case, ERISA preempts all state law related to self-funded employee benefit plans, and the unambiguous language of the plan should have been followed. Moreover, appellant asserts that when an employee benefit plan gives the claims administrator discretion to interpret the language of the plan, a court must abide by that interpretation unless it is arbitrary and capricious.
Section 1144(a), Title 29, U.S. Code, preempts "any and all State laws insofar as they may now or hereafter relate to any employment benefit plan" covered by ERISA. A state law claim is preempted by ERISA if the claim is for the recovery of an ERISA plan benefit. Leasher, 96 Ohio App.3d 372, citing Cromwell v.Equicor-Equitable HCA Corp. (C.A.6, 1991), 944 F.2d 1272. However, this court has previously held in Leasher that when the issue is whether an employee benefit plan gives the employer rights of subrogation and first reimbursement in funds received by a plan participant from a third-party tortfeasor, ERISA does not preempt Ohio's state law. Id. at 373. Because this is the very issue contested by the parties in the case sub judice, it is governed by state law and not by ERISA. The second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY REDUCING THE DEFENDANT-APPELLANT'S REIMBURSEMENT CLAIM FOR THE PLAINTIFFS-APPELLEES' ATTORNEY FEES AND COSTS IN CONTRADICTION OF THE PLAIN AND UNAMBIGUOUS TERMS OF THE PLAN'S LANGUAGE.
In its third assignment of error, appellant contends that following the unambiguous contract language of the employee benefit plan, appellant must be reimbursed fully for the medical expenses it has paid to or on behalf of the Bradburns that were recovered from the third-party tortfeasor.
The Bradburns' employee benefit plan contains the following language:
Right to Third Party Payment
 If you or one of your dependents becomes sick or injured because of someone else's fault, that other party may have to pay the medical expenses involved. In that case, the plan has the right to be reimbursed for any amount it pays for the same medical expenses. You have to agree in writing to reimburse the plan, or plan benefits may be denied.
 Since collecting from a third party can take a long time, the plan will pay your expenses and wait to be reimbursed by you when you receive payment from the third party.
An insurance policy is a contract between the insurer and insured. Nationwide Mut. Inc. Co. v. Marsh (1984), 15 Ohio St.3d 107,109. The courts may not enlarge the contract where the provision of an insurance policy are clear and unambiguous.Longpré v. Midwest Optical Supply, Inc. (1990), 68 Ohio App.3d 198,200.
Appellant contends that, pursuant to the contractual terms of the provision above, it is entitled to full reimbursement of their payments of the Bradburns' medical expenses, without any deduction for attorney fees or court costs. We disagree. The provision does not give appellant any priority as to when it can recover and does not address the matter of attorney fees and costs. In this case, appellant did not participate in the preparation for, or costs of, litigation but argues that it should be fully compensated nevertheless. To do so under such circumstances unjustly enriches appellant. Moreover, the potential necessity of litigation with attendant attorney fee expenses and court costs, seems implicit in the "Right to Third Party Payment" language of the benefit plan.
We are inclined to follow our previous holding that an employer's right of reimbursement, pursuant to a medical benefits plan it maintained in which right to recover any amount it paid for condition or injury caused by third party was reserved, is limited to amount of medical benefits paid to the plan's participants less a proportionate share of attorney fees and court costs the participants had to pay to obtain recovery from such third party. Leasher, 96 Ohio App.3d 374. Therefore, we find that the court of common pleas' decision to subtract a pro rata share of attorney fees and costs from appellant's reimbursement of medical expenses paid on behalf of the Bradburns was not error. Appellant's third assignment of error is not well-taken.
Judgment affirmed.
YOUNG, P.J., and VALEN, J., concur.
[1] Carolyn B. Merman is also a named defendant in this case; however, she was not a party to the declaratory judgment that is the subject of this appeal.
[2] Section 1003(a), Title 29, U.S. Code states the following:
Except as provided * * *, this title shall apply to any benefit plan if it is established or maintained — by any employer engaged in commerce or in any industry or activity affecting commerce; or by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or (3) by both.