STEPHENS, Appellant,

v.

VALOR ENTERPRISES, INC. et al., Appellees.

[Cite as *Stephens v. Valor Enterprises, Inc.* (2001), 141 Ohio App.3d 615.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 2000–CA–53.

Decided March 30, 2001.

*James R. Livingston,* for appellant.

*Steven Borchers,* for Valor Enterprises, Inc.

*Richard H. Wallace,* for appellee L. Wayne Shealy.

*William J. Ross,* for CTI Communications, Inc.

*Joseph A. Downing,* for appellee CTI Audio, Inc.

*Roger E. Luring* and *Jose M. Lopez,* for Glenn Cota.

*David T. Patterson,* for appellee Transcontinental Insurance Co.

*Margaret M. Koesel, Ann Caresani* and *Jonathan Hollingsworth,* for appellee National City Bank.

*William H. Woods* and *Jonathan M. Bryan,* for appellee Cincinnati Insurance Co.

---

FAIN, Judge.

This case involves an appeal by a pension plan participant from judgments rendered against him on his claims for recovery of benefits due under the terms of the plan, and for damages arising by reason of monetary losses suffered by the plan. The plan participant contends that the trial court incorrectly determined that it lacked jurisdiction over his claims.

We conclude that the trial court did not err in finding that it lacked subject-matter jurisdiction over the participant's claims for breach of fiduciary duty. However, the trial court improperly dismissed the participant's former employer and its alleged successor corporations, since issues of fact existed with regard to their liability for payment of benefits due under the terms of the pension plan, and the trial court had concurrent jurisdiction with the federal courts over these claims.

Thus, the judgment of the trial court is affirmed in part and reversed in part, and this cause is remanded for further proceedings.

I

Plaintiff-appellant Gerald Stephens began working for defendant-appellee Valor Enterprises, Inc. in 1976. In October 1988, Stephens entered into a deferred compensation agreement with Valor.[1] The agreement provided that Stephens would receive annual payments of $10,000 for ten years following his retirement. Valor secured the retirement payments by purchasing a whole life insurance policy on Stephens's life.

---

1. Stephens was an older employee of Valor and would not have benefitted from a 401(k) plan the company was establishing for its employees. Therefore, his pension plan was established separately.

Approximately five years later, Stephens discovered that Valor had erroneously included the cost of the premiums paid on the insurance policy in his taxable income. In order to correct this error, Stephens and Valor entered into a first addendum to deferred compensation, which extended the planned payment of deferred income by one year.

Thereafter, in March 1996, Stephens decided to retire at age sixty-four. He and Valor entered into a supplemental retirement agreement, which permitted him to retire and commence receipt of his deferred compensation a year early.[2] Thereafter, following his retirement in May 1996, Valor paid Stephens the sum of $833.33 per month.

According to Stephens, Valor ceased paying the premiums on the insurance policy in May 1996. Then in February 1997, Wayne Shealy, president of Valor, borrowed against the cash value of the policy. These actions were taken without Stephens's knowledge. In April 1998, Valor stopped making monthly payments to Stephens. Upon inquiry, Stephens was informed that the premiums had not been paid and that the company had borrowed against the policy. In June 1998, the insurance policy was transferred to Stephens, who cashed it in for its remaining value of $7,374.26.

In January 1999, Stephens filed suit against Valor, Glenn Cota (owner of fifty percent of the shares of Valor), Wayne Shealy (the president of Valor), and CTI Communications, Inc. (CTI purchased Valor's assets in 1998). The complaint sought payment of the sums due under the Stephens pension plan, damages for the defendants' breach of their fiduciary duty, as well as punitive damages, attorneys fees, costs, and interest.

Thereafter, in October 1999, Stephens filed an amended complaint in which he added National City Bank, The Cincinnati Insurance Companies (hereinafter "Cincinnati"), Transcontinental Insurance Company (hereinafter "TIC"), and CTI Audio, Inc. as defendants. The complaint alleged that National City Bank, which had a security interest in the assets of Valor, had taken over the day-to-day operations of Valor until its sale to CTI Communications, Inc., and that by virtue of its role in the management of Valor had a fiduciary duty to preserve and secure payment of the benefits due under the Stephens pension plan. The complaint further alleged that Cincinnati had issued a policy of insurance to Valor covering liability for claims of improper handling of employee benefits. With regard to TIC, the complaint alleged that it had also issued an insurance policy covering liability for improper handling of employee pension plans. Finally, the complaint alleged that CTI Audio, Inc. was liable as a successor to CTI

---

2. For ease of reading, the three documents comprising the agreements executed by Valor and Stephens will be referred to collectively as "the Stephens pension plan."

Communications, Inc. Again, the complaint sought recovery of amounts due pursuant to the Stephens pension plan, damages for breach of fiduciary duty, as well as costs, punitive damages, interest, and attorney fees.

All of the defendants, except Valor, filed answers. Subsequently, all of the defendants, except Valor and CTI Communications, Inc., filed separate motions seeking dismissal of the claims against them. The trial court, in separate orders, granted all of the motions. It also dismissed the claims against Valor, *sua sponte*. Finally the trial court dismissed the case. From the dismissal of his cause of action, Stephens appeals.

## II

Prior to addressing the assignments of error set forth by Stephens, a brief discussion of the Employee Retirement Income Security Act ("ERISA") will be helpful.

ERISA is codified at Section 1001 *et seq.*, Title 29, U.S.Code "ERISA comprehensively regulates employee pension and welfare plans." *Leasher v. Leggett & Platt, Inc.* (1994), 96 Ohio App.3d 367, 371, 645 N.E.2d 91, 93. "It imposes participation, funding, and vesting requirements on pension plans and sets various uniform standards, including rules concerning reporting, disclosure, and fiduciary responsibilities for both pension and welfare plans." *Id.*, citing *Shaw v. Delta Air Lines, Inc.* (1983), 463 U.S. 85, 91, 103 S.Ct. 2890, 2896–2897, 77 L.Ed.2d 490, 497. With the exception of certain plans not applicable to this case, ERISA applies "to any employee benefit plan if it is established or maintained * * * by any employer engaged in commerce or in any industry or activity affecting commerce[.]" Section 1003, Title 29, U.S.Code. The term "employee pension benefit plan" is defined as "any plan, fund, or program which was * * * established or maintained by an employer * * * to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program * * * provides retirement income to employees, or * * * results in a deferral of income by employees for periods extending to the termination of covered employment or beyond * * *." Section 1002(2)(A), Title 29, U.S.Code.

In this case, the trial court found that the Stephens pension plan is governed by ERISA. None of the parties has challenged this finding. Moreover, after a review of the subject pension plan, we agree with the finding.

Civil actions seeking to recover benefits due, or to enforce or clarify rights, under an ERISA-governed pension plan, may be brought by plan participants or beneficiaries. Section 1132(a)(1)(B), Title 29, U.S.Code. State courts have concurrent jurisdiction with federal district courts over these types of actions;

however, federal district courts have exclusive jurisdiction over all other actions brought under the Act. Section 1132(e)(1), Title 29, U.S.Code.

Furthermore, ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan * * *." Section 1144(a), Title 29, U.S.Code. " 'A law "relates to" an employee benefit plan, in the normal sense of the phrase [and is therefore pre-empted], if it has a connection with or reference to such a plan.' " *Richland Hosp., Inc. v. Ralyon* (1987), 33 Ohio St.3d 87, 91, 516 N.E.2d 1236, 1240, quoting, *Shaw, supra*, at 96–97, 103 S.Ct. at 2899–2900, 77 L.Ed.2d at 501. Therefore, even if an action is properly maintained in state court, to the extent that it involves issues governed by ERISA, the federal statute preempts state law.

## III

Stephens's first assignment of error is as follows:

"It was error for the court below to dismiss plaintiff's/appellant's complaint against defendant/appellee Valor Enterprises, Inc. because the court below had concurrent jurisdiction under ERISA to hear appellant's claim for benefits under the employee pension benefit plan subject of suit [*sic*]."

Stephens contends that the trial court erred by dismissing his claim against Valor. He argues that in his complaint against Valor he is seeking the recovery of benefits due under the terms of the pension plan. Therefore, he argues that the trial court had subject-matter jurisdiction to determine his claim.

As stated above, state courts share concurrent jurisdiction with federal courts to decide claims for recovery of benefits due under ERISA-governed pension plans. However, as correctly noted by the trial court, federal district courts have exclusive jurisdiction over ERISA claims for breach of fiduciary duty. *Richland Hosp., Inc. v. Ralyon, supra*, paragraph four of the syllabus. Therefore, in order to determine whether the trial court correctly found that it lacked subject-matter jurisdiction, we must identify the nature of the claims made by Stephens against Valor. From our review of the complaint, we conclude that the trial court was correct in its finding that Stephens raised issues regarding Valor's breach of its fiduciary duty to maintain his pension plan. Specifically, Stephens's complaint alleges that the loss of his pension plan benefits was due to a breach of Valor's fiduciary duty. The complaint states a claim for damages arising from that breach.

The trial court, apparently based upon the fact that the underlying reason for the loss of benefits under the plan was a breach of fiduciary duty, interpreted the complaint as involving solely a claim for breach of fiduciary duty, and concluded

that it had no jurisdiction in the matter. However, after reviewing the complaint and amended complaint, we note that, in addition to the issues of fiduciary duty, Stephens alleged that benefits are due and payable under the pension plan, and he stated a claim for the recovery of those benefits. We conclude that this claim is separate and distinct from his claims of breach of fiduciary duty. In other words, the mere fact that the underlying reason for the loss of the benefits is a breach of fiduciary duty does not by itself determine the outcome of the dispute, or the issue of whether the trial court has jurisdiction over the claim for recovery of benefits due. Instead, the issue of Stephens's right to recover benefits can be established independently of any findings regarding breaches of fiduciary duty.

Therefore, to the extent that Stephens's complaint seeks damages, or other relief, with regard to Valor's alleged breach of fiduciary duty, we conclude that the trial court correctly dismissed the case for lack of subject-matter jurisdiction, since those claims are within the exclusive jurisdiction of the federal courts. However, to the extent that the complaint simply alleges the right to an award of the amounts due under the terms of the pension plan, we find that the action is one to recover benefits and is within the jurisdiction of the common pleas court. Thus, we find that the trial court erred by dismissing the entire complaint against Valor.

Accordingly, the first assignment of error is sustained.

## IV

The second assignment of error states:

"It was error for the court below to overrule plaintiff's/appellant's motion for summary judgment against defendant/appellee Valor Enterprises, Inc. when the trial court had jurisdiction and plaintiff/appellant was entitled to summary judgment under Civil Rule 56."

Stephens contends that the trial court should have rendered summary judgment in his favor with regard to his claims against Valor. In support, Stephens argues that he presented evidence establishing that he is entitled to benefits, as well as the amount due, under the terms of the pension plan. He also notes that no one filed any evidence contradicting his claim. Therefore, Stephens urges us to render summary judgment in his favor on the issue of both entitlement to damages and the amount thereof.

As set forth in Part V, below, we conclude that the trial court erred by dismissing all of the claims asserted against CTI Communications and CTI Audio. Since it is possible that, upon remand, the trial court may find either of these corporations liable for payment of amounts due to Stephens under the terms of the subject pension plan, they should be permitted to submit responses to

Stephens's motion for summary judgment regarding the amount of money due under the terms of the plan.[3] Therefore, we conclude that the ruling urged upon us by Stephens would be premature.

Accordingly, the second assignment of error is overruled.

## V

The third assignment of error states as follows:

"It was error for the trial court to enter summary judgment or to dismiss for lack of subject matter jurisdiction the claims against the remaining defendants/appellees."

In this assignment of error, Stephens contends that the trial court erred by dismissing his complaint with regard to National City Bank ("NCB"), Cincinnati Insurance, Transcontinental Insurance Company, CTI Audio, Inc., CTI Communications, Inc., Shealy, and Cota.

■ We begin with Stephens's claims against NCB, in which he alleged that the bank, by reason of its assumption of the operations of Valor, was Valor's "alter ego," and was therefore liable, as a plan sponsor or administrator, for payments owed pursuant to the pension plan. As noted above, to the extent that Stephens's claims involve a breach of fiduciary duty, the trial court lacked subject-matter jurisdiction. After reviewing the complaint and amended complaint, we note that all of Stephens's claims for relief against NCB involve allegations that NCB breached its fiduciary duty. Therefore, the trial court properly dismissed the claims against NCB for lack of subject-matter jurisdiction.

■ NCB was the only defendant dismissed pursuant to a Civ.R. 12(B) motion. The remaining defendants were dismissed from the case when the trial court rendered summary judgment in their favor. Our review of the appropriateness of summary judgment is *de novo*. The standard of review in summary judgment cases is well established. "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201, 204. With this standard in mind, we will address Stephens's arguments with regard to each remaining defendant separately.

---

3. The motion for summary judgment filed by Stephens was directed solely at Valor; therefore, no other parties filed a response thereto.

With regard to Cincinnati Insurance Company, Stephens's complaint sets forth the following contingent allegation: "If the Plan is an employee pension benefit plan covered by ERISA, then by the terms of said policy of Cincinnati, it covers the loss plaintiff has sustained herein, up to the limits of its coverage, $25,000.00, and plaintiff is entitled to recover said amount from Cincinnati for his damages herein."

We have reviewed the terms of the Cincinnati insurance policy. The policy does not purport to insure Valor's contractual obligations. Instead, it covers losses resulting from dishonest or fraudulent acts committed by Valor employees. Therefore, in order to show that Cincinnati is liable to him, Stephens must necessarily show that a Valor employee committed a fraudulent or dishonest act with regard to his pension plan. This claim would lie outside the scope of a claim for benefits due under the terms of the plan, and would therefore lie outside the scope of the trial court's subject-matter jurisdiction. Accordingly, we conclude that the trial court properly dismissed the claim against Cincinnati.

We next turn to the dismissal of Transcontinental Insurance Company. Stephens's complaint against TIC alleges that the commercial general liability policy issued by TIC to Valor provided coverage for the losses suffered by the Stephens pension plan. However, Stephens concedes in his appellate brief that the policy covers losses in connection with "Valor's mishandling of NON–ERISA employee benefit plans." Therefore, since the trial court found that the Stephens pension plan is governed by ERISA, and since none of the parties has challenged that finding, the trial court's dismissal of the claims against TIC was proper.

We next turn to Stephens's claims against Cota and Shealy. As previously noted, Cota was an owner of fifty percent of the shares of Valor and Shealy was its president. All of the allegations in the complaint and pleadings involving these defendants revolve around Stephens's claims that they breached their fiduciary duties with regard to his pension plan. Since that type of claim lies within the exclusive jurisdiction of the federal courts, the trial court did not err by dismissing the claims against Cota and Shealy.

Finally, we address the trial court's dismissal of CTI Communications, Inc. and CTI Audio, Inc. Stephens's complaints against these entities is based upon his claim that by virtue of the fact that CTI Communications purchased Valor, and CTI Audio subsequently purchased CTI Communications, both companies are successor corporations to Valor, and are therefore liable to him for the payment of his plan benefits. His complaint states a claim both for breach of fiduciary duty and for recovery of benefits due. Again, all claims arising from any breach of fiduciary duty were properly dismissed for lack of subject-matter jurisdiction. Thus, the only remaining issue is whether either company is liable,

as a successor corporation, for payment of benefits due under the terms of the Stephens pension plan.

 "A corporation that purchases the assets of another is not liable for the contractual liabilities of its predecessor corporation unless (1) the buyer expressly or impliedly agrees to assume such liability; (2) the transaction amounts to a *de facto* consolidation or merger; (3) the buyer corporation is merely a continuation of the seller corporation; or (4) the transaction is entered into fraudulently for the purpose of escaping liability." *Welco Industries, Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 617 N.E.2d 1129, syllabus, citing *Flaugher v. Cone Automatic Machine Co.* (1987), 30 Ohio St.3d 60, 30 OBR 165, 507 N.E.2d 331. It is clear from a reading of the purchase agreements executed by CTI Communications and CTI Audio that neither agreed to assume liability for the Stephens pension plan. Furthermore, there is no evidence to support a finding, nor did Stephens allege, that either transaction was entered into fraudulently. Therefore, the only issue is whether the sales amounted to a *de facto* consolidation or merger, or whether CTI, in either form, is merely a continuation of Valor. From our review of the evidence in the record before us, we conclude that CTI has failed to demonstrate that there are no genuine issues of fact with respect to these issues, which are material. The evidence submitted by CTI is not dispositive. It is possible that neither the second nor third exception set forth in *Welco, supra,* is applicable. However, that involves a question of fact for determination by the trial court. Therefore, we conclude that both CTI Communications and CTI Audio were improperly dismissed with regard to their liability for Stephens's claim for the recovery of benefits due.

The third assignment of error is overruled with regard to NCB, Cincinnati, TIC, Shealy, and Cota, and sustained with regard to CTI Communications and CTI Audio.

## VI

Stephens's first and third assignments of error are sustained in part, the judgment of the trial court is affirmed in part and reversed in part, and we remand this cause for further proceedings in accordance with this opinion.

*Judgment accordingly.*

BROGAN and GRADY, JJ., concur.